[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Dorothy Anderson and Loretta Holcomb, are and have been employed for sometime as administrative assistants by the City of Bristol: The plaintiff Anderson as administrative assistant to the Chief of Police; Loretta Holcomb as administrative assistant to the Fire Chief.
The plaintiffs complain that the defendant City Council adopted a schedule of positions with job descriptions and salaries for all City positions. That the position of administrative assistant was among those set out in the adopted schedule. That the plaintiffs' salary was not adjusted to correspond with the schedule of positions.
The plaintiffs seek to have their positions together with the salary adjusted to correspond with that set out in the said adopted schedule of positions from the date that the Personnel Appeals Board reclassified their positions.
The defendant, City of Bristol, contends that the plaintiffs are seeking a salary increase and that by charter the council of the City of Bristol is the only authorized body that may grant a salary increase. That the Personnel Appeals Board in granting plaintiffs' request was not a reclassification but rather a salary increase which was not within its jurisdiction.
The key issue here is whether the Personnel Board of Appeals had jurisdiction to hear the plaintiffs' appeal. That is, whether the plaintiffs' claim is for a reclassification of the positions with resulting salary increases based upon the salary schedule for non-bargaining personnel; or, is this a claim for a salary increase which should properly go to the City Council and is outside the jurisdiction of the Personnel Board of Appeals. CT Page 3503
The Personnel Appeals Board duties are set out in the ordinances as section 2-45(1) to hear and determine appeals from any action pertaining to classification, reclassification and allocation of positions.
The court finds that the application by the plaintiffs to the Personnel Appeals Board was in the nature of a request for a salary increase, based upon a reclassification of the employment within the non-bargaining position and salary schedule adopted by the Council in 1984. The effect of the application was, if granted, to place the plaintiffs in an employment step set out in the 1984 classification schedule that would correspond with the duties and responsibilities required of them in their present position. An upgrading from the plaintiffs present position and step to a higher step would include a salary increase as adopted in the July, 1984 City's schedule of employment positions.
The court notes that the City Council having previously adopted an employee classification schedule setting out duties and salaries in steps; and, that the duties of the Personnel Board include ruling on employees' grievances, it followed that the plaintiffs' application was for a change in job classification within the schedule of employees' positions set out in the City classification schedule.
That the reclassification also includes a salary increase does not remove the Personnel Appeals Board jurisdiction to hear and rule on the appeal. The Board had the duty and authority to decide grievances regarding reclassification of positions (section 2-45 Duties — Personnel Appeals Board).
Therefore, the determination by the Personnel Appeals Board that the plaintiffs had a valid grievance; that when after a hearing the Board reclassified the plaintiffs' positions to Salary Level 4, Step 7, this was within its scope and authority. This authority of the Board is not in conflict with the Bristol Ordinance section 2-22, Salaries wherein it is set out that the employees shall receive such salaries as shall be established by City Council. The City Council had previously established the salary schedule for specific positions of employment when it adopted the 1984 schedule of employment positions within the City government. This schedule remains in effect. The Personnel Appeals Board reclassified the plaintiffs' positions within that schedule of positions. That reclassification by the Board resulted in a salary increase as set out in the schedule adopted by the Council in 1984.
Therefore, the Personnel Appeals Board acted within the scope of its duties and authority when it reclassified the CT Page 3504 plaintiffs' positions. It did not encroach upon the authority of the Council to set salaries for employees.
The court notes the defendant's contention that the plaintiffs have improperly brought within this claim a request for money damages. However, the court finds that this is a claim for enforcement of the decision of a Personnel Appeals Board from the date of its decision. That the effect of a ruling in the plaintiffs favor would necessitate payment of monies to the plaintiffs because of the increase in salary to which the plaintiffs would be entitled.
Also the court notes the defendant's contention that the plaintiffs failed to appeal within the time constraints set out by ordinance for appeals to the Personnel Board of Appeals. However, since no objections were raised at the time the Board heard the appeal it is deemed to have been waived.
Therefore, judgment is to enter for the plaintiffs on the complaint. The decision of the Personnel Appeals Board is upheld and is to be effective as of the date it was entered.
JULIUS J. KREMSKI STATE TRIAL REFEREE.